IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RUSSELL BRANDON SMITH,** § | | |
| **Individually and on Behalf of Others** § | | |
| **Similarly Situated,** § | | CIVIL ACTION NO. 1:19-cv-00406 |
| § | | |
| **Plaintiffs.** § | | |
| **v.** § | | |
| § | | |
| **TWIN VILLAGE MANAGEMENT** § | | |
| **LLC d/b/a SUNDANCE MEMORY** § | | |
| **CARE,** § | | |
| § | | |
| **Defendants.** | | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff brings this collective action complaint against Twin Village Management LLC d/b/a Sundance Memory Care, to recover unpaid overtime wages owed to Defendants' sales staff pursuant to the Fair Labor Standards Act.

## II. Jurisdiction

1. This Court has jurisdiction over the subject matter of this civil action pursuant to the Fair Labor Standards Act, 29 U.S.C. §207, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §1331.

## III. Venue

2. Venue is proper in this judicial district under 28 U.S.C. §1391(b) as Defendants principal place of business is Travis County, Texas.

## IV. Parties

3. Plaintiff Russell Smith was the Regional Community Liaison for Sundance at Towne Lake (Cypress, TX) and Sundance at Woodcreek (Katy, TX) from April 28, 2018 until March 18, 2019. Mr. Smith regularly worked more than 40 hours a week, without receiving

overtime pay required by federal law. His written consent is attached. Mr. Smith resides in Harris County, Texas.

4. Mr. Smith brings this action on behalf of himself, and all other similarly situated salespersons under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Class"). Plaintiff and the FLSA Class were subjected to similar violations of the FLSA. The class of similarly situated employees under 29 U.S.C. §216(b) is properly defined as:

> **Any individual with the job title of Regional Community Liaison, or any other title who performed similar duties to the Plaintiff and was classified by Defendant as an exempt employee under the FLSA for the three years preceding this suit**

The members of the FLSA Class are ascertainable from Defendants business records, in particular its personnel records.

5. Defendant Twin Village Management LLC, d/b/a Sundance Memory Care, is a Texas Limited Liability Company, with its principal place of business in Travis County, in Austin, Texas. Defendant Twin Village Management LLC does business in Texas as Sundance Memory Care with memory care facilities in Cypress, Katy, Cedar Park, and Austin, Texas, and can be served through its registered agent, David M. Stanley, at 600 Congress Ave., Suite 14050, Austin, Texas 78701-3238. Defendant Twin Village Management LLC was Plaintiff's employer.

## V. Factual Allegations

6. Defendant Twin Village Management LLC owns, manages, and supports memory care communities in Texas, including Sundance Memory Care, in Cypress, Katy, Cedar Park, and Austin, Texas.

7. Twin Village hired Mr. Smith on April 27, 2018 to act as a Regional Community Liaison for Sundance Memory Care, at Sundance at Towne Lake (Cypress, TX) and Sundance at

Woodcreek (Katy). The Regional Community Liaison is tasked with ensuring that each community is operating at full census. That is, each memory care facility is fully leased to tenants. Specifically, the Regional Community Liaison provides tours to perspective senior living tenants, plans events to produce tenant referrals, responds to calls and internet inquiries regarding tenancy, 24/7, and otherwise performs sales functions on behalf of the community. Indeed, the primary job function of the Regional Community Liaison can be boiled down to leasing tenancy for Twin Village communities.

8. Mr. Smith did not have hiring/firing responsibilities over any Twin Village employees, nor was he involved in setting a budget for the company. And his efforts were dictated by his supervisor, Sundance Vice President of Operations, Kacye Vanderplas. Indeed, Ms. Vanderplas held an almost weekly meeting with Mr. Smith that took place on Fridays starting at 5:00 p.m. During the meeting, Ms. Vanderplas would go over move-in leads that had been collected for the week and give direction to Mr. Smith on how to turn those leads into positive census for the community.

9. Moreover, Mr. Smith did not supervise any other employees, nor did he participate in the administration of Twin Village's operations. His primary job duty was to turn leads into tenants.

10. In order to satisfy his basic job requirement to keep census full, Mr. Smith was required to work long hours, weekends, over lunch breaks, and be available to respond to internet tenancy inquiries at all times. Indeed, Mr. Smith regularly worked more than 40 hours a week, and was required to be available 24/7 by telephone, during every workweek and weekend. For example, in October 2018, Mr. Smith worked a full work week, and on the Friday ending the week was asked to work overnight. Mr. Smith ended up working from 7:45 a.m. that Friday

morning, until approximately 5:30 a.m., Saturday morning. He went home to shower, and then was back in the office for his required Saturday shift by 7:45 a.m. In that week alone Mr. Smith worked more than 62 hours.

11. While 24-hour shifts were not commonplace, they were not unheard of. Mr. Smith regularly worked more than 40 hours in a workweek. On average, he worked in excess of 55 hours per week, but he never received overtime compensation for his time.

12. Mr. Smith's supervisors were aware that he regularly worked more than 40 hours in a workweek, because it was expected from sales employees.

13. More specific information as to the amounts of overtime due to Mr. Smith, and the FLSA Class, are within the exclusive custody and control of Defendants.

14. Mr. Smith was paid a base salary of $50,000 annually. He also received performance bonuses based exclusively on new resident move-ins. Mr. Smith was paid a bonus of $1,200 per net move-in at both the Katy and Cypress, Texas locations. The bonus program looked on a monthly basis at the census for each location. Specifically, move-ins versus move-outs. If either location had more move-ins than move-outs, Mr. Smith would get the bonus for each net move-in. However, beginning in February 2019, Mr. Smith first noticed a discrepancy in his pay. It appeared that Twin Village had unilaterally stopped paying the bonuses based upon census at both locations, and instead applied its own new formula looking only at the census of a single location, in violation of the terms of its agreement.

15. The FLSA Class shared the same ultimate sales responsibility to fill census as Mr. Smith. And, the FLSA Class regularly worked more than 40 hours a week, were required to be on available by telephone 24/7 to field internet inquiries, or meet with prospective tenants.

16. However, Defendants misclassified Mr. Smith as exempt from overtime. As a result, Defendants did not pay Mr. Smith, or any of the FLSA Class, the required overtime for hours worked in excess of 40 hours in a workweek.

17. As a result of Defendants misclassification, Mr. Smith, and the FLSA Class, were denied the overtime pay required by federal law.

## VI. Collective Allegations

18. Mr. Smith brings his claims under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

19. Defendants employed other sales staff within the past three years. Defendants sales staff performed job duties similar to Mr. Smith in all of their Texas locations.

20. Defendants misclassify sales staff as exempt from collecting on overtime hours, even if the employees work more than 40 hours in a workweek. Defendant Twin Village Management LLC's misclassification is in violation of the FLSA.

21. Mr. Smith and the FLSA Class were regularly required to work more than 40 hours in a workweek, including weekends, and were required to be on call 24/7, to field internet inquiries and provide tours to prospective residents.

22. As a result of Defendants misclassification, Mr. Smith, and the FLSA Class, were denied the overtime pay required by federal law.

23. The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

24. Absent this action, many members of the FLSA Class likely will not obtain redress of their injuries and Defendants will retain the proceeds of the FLSA violations.

## VIII. Causes of Action

### FLSA Overtime

25. Plaintiff incorporates all allegations contained in this pleading.

26. By failing to pay Mr. Smith and the FLSA Class overtime at 1 and ½ times their regular rates, Defendants violated the FLSA.

27. Defendants owe Mr. Smith and the FLSA Class overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

28. Defendants knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.

29. Defendants failure to pay overtime to Mr. Smith and the FLSA Class is willful.

30. Defendants owe Mr. Smith and the FLSA Class an amount equal to all unpaid overtime wages as liquidated damages.

31. Mr. Smith and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

32. Absent this action, many members of the FLSA Class likely will not obtain redress of their injuries and Defendants will retain the proceeds of the FLSA violations.

### Breach of Contract

33. Plaintiff incorporates all allegations contained in this pleading.

34. Plaintiff and Defendant Twin Village Management LLC had a binding agreement to pay Plaintiff move-in bonuses based upon the census at both the Katy and Cypress, Texas Sundance Memory Care communities.

35. Defendant Twin Village Management LLC breached the agreement by failing to pay move-in bonuses based upon the census at both the Katy and Cypress, Texas Sundance Memory Care communities.

36. As a result of Defendant Twin Village Management LLC's breach, Plaintiff was not paid all of the move-in bonuses required by the agreement.

37. Plaintiff is entitled to the full amount of move-in bonuses due pursuant to the agreement.

## IX.  Jury Demand

38. Mr. Smith requests trial by jury.

## X. Prayer

39. Plaintiff requests:

    a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all sales staff to permit them to join this action by filing a written notice of consent;

    b. A Judgment against Defendants awarding Mr. Smith and the FLSA Class all of their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

    c. An order awarding attorneys' fees, costs, and expenses;

    d. Pre- and post-judgment interest;

    e. A Judgment against Defendants awarding Mr. Smith the amount of his unpaid move-in bonuses; and

    f. Such other and further relief as may be necessary and appropriate.

DATE: April 11, 2019

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: _____
     Nicholas R. Lawson
     Texas Bar No. 24083367
     1001 Fannin Street, Suite 2700
     Houston, Texas 77002
     Telephone:   (713) 337-5580
     Telecopy:   (713) 337-8850
     E-Mail:Nick.Lawson@mhllp.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF
RUSSELL SMITH, INDIVIDUALLY, AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RUSSELL BRANDON SMITH,** § | | |
| **Individually and on Behalf of Others** § | | |
| **Similarly Situated,** § | | **CIVIL ACTION NO. 1:19-cv-00406** |
| § | | |
| **Plaintiffs.** § | | |
| **v.** § | | |
| § | | |
| **TWIN VILLAGE MANAGEMENT** § | | |
| **LLC d/b/a SUNDANCE MEMORY** § | | |
| **CARE,** § | | |
| § | | |
| **Defendants.** | | |

## NOTICE OF CONSENT

I, the undersigned, a former employee of Twin Village Management LLC, d/b/a Sundance Memory Care, hereby consent to be a party plaintiff in the above action, which is a collective action under the Fair Labor Standards Act to collect unpaid wages and other damages. I agree to be bound by the outcome of this proceeding.

Dated_____**4/11/2019**_____

___**Russell Brandon Smith**_____
**Name**

___*s/ Russell Smith*_____
**Signature**