# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **RUSSELL BRANDON SMITH,** *Individually and on behalf of others similarly situated,*  *Plaintiff*  **v.**  **TWIN VILLAGE MANAGEMENT LLC d/b/a SUNDANCE MEMORY CARE,**  *Defendant* | **CIVIL NO. 1:19-CV-406-DAE** |

## O R D E R

Before the Court is Plaintiff's Motion to Compel & to Preclude Testimonial Evidence, filed September 28, 2020 (Dkt. 35), and Defendant's Response to Plaintiff's Motion to Compel & to Preclude Testimonial Evidence, filed October 5, 2020 (Dkt. 38).[1] On September 30, 2020, the District Court referred the motion and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I.     Background

Plaintiff Russell Brandon Smith, individually and on behalf of others similarly situated, brings this collective action complaint under the Fair Labor Standards Act to recover unpaid overtime wages allegedly owed to the sales staff of Defendant Twin Village Management LLC d/b/a Sundance Memory Care. In his motion, Plaintiff seeks to:

---

[1] The deadline for Plaintiff's reply has not yet passed, but the Court need not wait for a reply before ruling on a motion. Local Rule CV-7(f)(2).

(1) preclude Defendant from relying at summary judgment on testimony from Kacye Vanderplas, Plaintiff's supervisor, who was unable to appear for deposition before the discovery deadline due to her high-risk pregnancy; and

(2) compel Defendant to answer Plaintiff's Interrogatory No. 20 and either deem Plaintiff's Requests for Admission Nos. 18 and 19 admitted or, in the alternative, order Defendant to amend its responses.

## II.    Vanderplas Testimony

The deadline to file dispositive motions was September 30, 2020. Scheduling Order, Dkt. 22. Defendant filed a motion for partial summary judgment on that date. Dkt. 37. In its response to Plaintiff's motion, Defendant contends that Plaintiff's motion is moot with respect to the testimony of Kacye Vanderplas because Defendant did not rely on any testimonial evidence from her in support of its motion for partial summary judgment.

The Court agrees. Plaintiff's Motion to Preclude Testimonial Evidence is **DENIED** as moot.

## III.    Discovery Responses

Discovery closed on August 31, 2020. Scheduling Order, Dkt. 22. Local Rule CV-16(d) provides that: "Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery."

As stated above, Plaintiff's motion was filed on September 28, 2020, nearly a month after discovery closed. Plaintiff does not contend that exceptional circumstances are present; in fact, neither party specifically addressed the discovery deadline or the timeliness of Plaintiff's motion at all. Because Plaintiff failed to present exceptional circumstances to justify filing a motion to compel more than seven days after the close of discovery, Plaintiff's Motion to Compel Defendant's discovery responses is **DENIED** as untimely.

### IV.   Conclusion

For these reasons, Plaintiff's Motion to Compel & to Preclude Testimonial Evidence (Dkt. 35) is **DENIED**. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable David a. Ezra.

**SIGNED** on October 9, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE